IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMPIRE FIRE AND MARINE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> MARGARET ROSENBAUM, et al., <br><br> Defendant. | No. CV-F-06-1458 OWW/WMW <br><br> ORDER GRANTING DEFENDANTS ROSENBAUM'S MOTION FOR STAY OF ACTION (Doc. 7) AND GRANTING DEFENDANTS ROSENBAUM'S MOTION TO STRIKE SUR-REPLY (Doc. 21) |

Plaintiff Empire Fire and Marine Insurance Company ("Empire") filed a Complaint for Declaratory Relief pursuant to 28 U.S.C. § 2202 against Margaret Rosenbaum, Michael Rosenbaum, and Lanier Oakley. The Complaint was filed on May 12, 2006.[1] Empire prays for a declaration that it owes no obligation to provide coverage under a Supplemental Liability Protection

---

[1] The Complaint was filed in the United States District Court for the Central District of California. The action was transferred to the Eastern District of California upon the granting of Defendants' Motion to Transfer Venue.

1

insurance policy ("SLP Policy") issued to Margaret Rosenbaum in connection with her rental of an Enterprise Rent-A-Car 15 passenger van.

It is asserted by the parties that Michael Rosenbaum recruited sales people in Modesto for Excel.  Excel scheduled a sales event in Dallas, Texas for September 1, 2004.  By telephone, Michael arranged to rent six 15-passenger vans from Enterprise to attend the sales event.  However, when Michael and his associates arrived at Enterprise, Enterprise refused to rent the vans to the person who first attempted to do so because the renters were under the age of 25.  The initial renters, including Michael, contacted their parents or friends, who came in and signed the rental agreements.  The Rosenbaums contend that it was, or should have been clear, to Enterprise that the individuals who were actually going to be driving the vans were the children, not the parents or friends who signed the rental agreements.  On August 31, 2004, the van was first driven by Margaret's son, 21 year old Michael Rosenbaum, and then by Lanier Oakley, who was then under the age of 25.  While Oakley was driving the van, a solo rollover accident occurred, resulting in the deaths of three of the passengers and in injuries to nine other passengers.

Defendants Rosenbaum move for stay of this declaratory relief action on the ground that factual issues that need to be determined turn on facts to be litigated in the already pending state court actions against the Rosenbaums for wrongful death

2

and/or personal injury.  In one of the state court actions, the Rosenbaums have filed a Cross-Complaint against Enterprise Rent-A-Car Company of Sacramento alleging causes of action for negligence, negligent misrepresentation, fraud and deceit, false promise, breach of contract, reformation of the rental contract between Enterprise Rent-A-Car and Margaret Rosenbaum to reflect that Michael Rosenbaum and Lanier Oakley were authorized drivers and for declaratory relief to that effect.  In addition, the Rosenbaums' automobile insurer, Farmers Insurance Exchange, has filed a declaratory relief action in Stanislaus County Superior Court, seeking a declaration that Farmers owes no coverage because Michael Rosenbaum and Lanier Oakley did not have permission to drive the van, and the trip was a business trip.  This state court declaratory relief action has been stayed under California law.[2]

In *G.E.I.C.O. v. Dizol*, 133 F.3d 1220 (9th Cir.1998), the Ninth Circuit explained that a district court must be satisfied that a declaratory relief action over which it has subject matter jurisdiction is appropriate.  *Id*. at 1223.  "This determination is discretionary, for the Declaratory Judgment Act is 'deliberately cast in terms of permissive, rather than mandatory,

---

[2]On March 20, 2007, Empire filed a Request for Leave to File Sur-Reply and Sur-Reply in Opposition to Motion for Stay. (Doc. 20).  On March 22, 2007, Defendants moved to strike the sur-reply. (Doc. 21).  Absent prior authorization, a sur-reply brief is not permitted by Rule 78-230, Local Rules of Practice for the Eastern District of California.  Because Empire failed obtain advance authorization, Empire's Sur-Reply is stricken.

3

authority.'" *Id.* Prudential guidance for the exercise of this discretion in found in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942) and its progeny. *Id.* The Ninth Circuit explained:

> The *Brillhart* factors remain the philosophical touchstone for the district court. The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory relief actions as a means of forum shopping; and it should avoid duplicative litigation ... If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court ... The pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief ... Nonetheless, federal courts should generally decline to entertain reactive declaratory actions.
>
> However, there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically. 'We know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage.' ... Indeed, when other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other nonmonetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief ... If a federal court is required to determine major issues of state law because of the existence of non-discretionary claims, the declaratory action should be retained to avoid piece-meal litigation ....
>
> But these are considerations for the district court, which is in the best position to assess how judicial economy, comity and

4

federalism are affected in a given case. *Id.* at 1225-1226. The Ninth Circuit further noted that the *Brillhart* factors are not exhaustive and that the Ninth Circuit has suggested other considerations

> such as 'whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies." ....

*Id.* at 1225 n.5.

The *Brillhart* factors, as amplified by *Dizol*, weigh in favor of granting the requested stay.

### 1. **Needless Determination of State Law Issues**.

This factor weighs in favor of a stay. The state court actions described above all raise the question raised by Empire in the Complaint, whether Michael Rosenbaum and/or Lanier Oakley had permission and/or were authorized to drive the van. Because the state court actions have been proceeding for some time, proceeding with Empire's action to decide the identical issues will result in a needless federal court examination of the same issues. The state court tort actions allege negligent entrustment on the Rosenbaums' part under an agency theory for the acts of Lanier Oakley; the negligent entrustment and agency

5

theories of liability turn on whether Michael Rosenbaum and/or Lanier Oakley were authorized or had permission from Enterprise to drive the van. The Rosenbaums' cross-complaint against Enterprise seeks reformation of the rental agreement and a declaration that Michael Rosenbaum and Lanier Oakley were authorized drivers by Enterprise.

Empire responds that the state court actions are not parallel actions with this action. The state court actions are personal injury actions against the Rosenbaums in tort while Empire seeks a declaration of its obligations under the SLP Policy.

Empire relies on *Empire Fire and Marine Ins. Co. v. Broom*, 2005 WL 3081233 (E.D.Cal.2005).

In *Broom*, Defendant Mark Broom rented a vehicle from Enterprise. In conjunction with the vehicle rental, Mark purchased a SLP Policy from Empire. While driving the vehicle, Mark was involved in a single vehicle accident in which Karen Bloom suffered injuries. Karen brought a personal injury action against Mark and Enterprise in state court. Empire filed a declaratory relief action in the District Court, seeking a declaration that, regardless of the outcome of Karen' state court action, Mark is not entitled to indemnity under the SLP Policy because the SLP Policy excludes injury to the renter's family members. Karen argued that the pending state court action is parallel to Empire's declaratory relief action and, therefore, there is a presumption that the state court should hear the

6

entire matter, citing *Huth v. Hartford,* 298 F.3d 800 (9th Cir.2002), *cert. denied*, 537 U.S. 1233 (2003).  Judge England ruled in pertinent part:

> The action and the state court action do not represent parallel actions with identical parties and issues.  Here, the state court action is a personal injury suit for damages between Mark and Karen, while Empire seeks a declaration of its obligations under the insurance contract.  The issue of liability under tort law is not identical to the issue of an obligation under a contract.  Further, Empire is not a party to the state court action, nor can it join the action under California law.  The California Evidence Code prohibits the admission of evidence of liability insurance. Cal. Evid. § 1155 ... Moreover, the California Supreme Court has construed § 1155 to prohibit an action against both the insured and the insurer. *Moradi-Shalal v. Fireman's Fund Ins. Co.,* 46 Cal.3d 287, 311 ... (1988); *Royal Globe Ins. Co. v. Superior Ct.*, 23 Cal.3d 880, 891 ... (1979).
>
> Because there is no parallel state court action with issues identical to those raised in this proceeding, the Court finds no need to presume that the entire matter should be heard in state court.  Thus, the decision to exercise jurisdiction in this case is solely within the Court's sound discretion.

*Broom* is not binding authority governing the resolution of the Rosenbaums' motion to stay. *See Cactus Corner, LLC v. U.S. Dept. of Agriculture,* 346 F.Supp.2d 1075, 1105 (E.D.Cal.2004), *aff'd*, 450 F.3d 428 (9th Cir.2006).  Furthermore, the issues in Empire's declaratory relief action are parallel to the issues already raised in the state court actions, especially in connection with the Rosenbaums' cross-complaint against Enterprise for reformation of the rental agreement which directly

affects the insurance coverage as does the stayed declaratory relief action brought against the Rosenbaums by Farmers Insurance Exchange under a separate policy.  No federal issues are raised by Empire's declaratory relief complaint; no federal expertise is necessary.

### 2. <u>Discourage Forum Shopping</u>.

An inference of forum shopping is drawn from the fact that Empire filed in federal district court despite the pendency of five state court actions in the Stanislaus Superior Court and the fact that the Farmers Insurance Exchange declaratory relief action has been stayed by the state court.

In *Continental Cas. Co. v. Robsac Industries*, 947 F.2d 1367, 1371 (9th Cir.1991), *overruled on other grounds*, *G.E.I.C.O. v. Dizol*, *supra*, 133 F.3d 1220), the Ninth Circuit, citing *Transamerica Occidental Life Ins. Co. v. DiGregorio,* 811 F.2d 1249, 1254 n.4 (9th Cir.1987), described this factor as "relating to 'the "defensive" or "reactive" nature of a federal declaratory judgment suit,' and stated that if a declaratory judgment suit is defensive or reactive, that would justify a court's decision not to exercise jurisdiction."  *Robsac Industries* holds in pertinent part:

> A declaratory judgment action by an insurance company against its insured during the pendency of a non-removable state court action presenting the same issues of state law is an archtype of what we have termed 'reactive' litigation.

947 F.2d at 1372.

8

Empire, noting that it is not a party to the state court actions and contending that it cannot join those actions, argues that denying the Rosenbaums' motion to stay will not encourage forum shopping.

Although Empire cannot join as a party to the personal injury/wrongful death actions pending in state court, it appears that Empire may intervene in the Rosenbaums' cross-complaint against Enterprise pursuant to California Code of Civil Procedure § 387. Therefore, the filing of Empire's declaratory relief action in federal court as opposed to state court implies forum shopping.

**3. Avoid Duplicative Litigation**.

The state court actions raise issues that overlap with those raised in Empire's Complaint, particularly with regard to the Rosenbaums' state court cross-complaint against Enterprise, which seeks a declaration that Michael Rosenbaum and Lanier Oakley were authorized drivers or had permission from Enterprise to drive the van.

Empire argues that this factor weighs against the stay because a ruling in the Rosenbaums' favor on the cross-complaint against Enterprise will not bind Empire because Empire is not a party to the cross-complaint.

However, pursuant to paragraph 8 of Empire's Complaint and *Philadelphia Indem. Ins. Co. v. Montes-Harris*, 40 Cal.4th 151 (2006), Empire will be bound by the state court judgment on the Rosenbaums' cross-complaint against Enterprise because Enterprise

9

was Empire's agent for purposes of the SLP Policy issued to Margaret Rosenbaum.  Enterprise is a defendant and cross-complainant in the state court actions and is the defendant in the Rosenbaums' cross-complaint.  Even though Empire is not a party to any of these lawsuits, Empire's agent, Enterprise, is participating.  As Empire's agent, Empire can be bound by the decision on their state court cross-complaint against Enterprise pursuant to collateral estoppel.

The "full faith and credit" statute compels federal courts to give collateral estoppel and res judicata effects to the judgments of state courts.  *Se. Res. Recovery Facility Auth. v. Montenay Int'l Corp.*, 973 F.2d 711, 712 (9th Cir.1992); 28 U.S.C. § 1738.  Collateral estoppel applies not only against the actual parties to prior litigation, but also against a party that is in privity to a party in previous litigation.  *Shaw v. Hahn,* 56 F.3d 1128, 1131 (9th Cir.), *cert. denied*, 516 U.S. 964 (1995).  Furthermore, as explained in *Montana v. United States*, 440 U.S. 147, 154-155 (1979):

> Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation ... to preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance of judicial action by minimizing the possibility of inconsistent decisions.

1
2
3
4
5
6
7
8
9
10
11
12
13

> These interests are similarly implicated when nonparties assume control over litigation in which they have direct financial or proprietary interest and then seek to redetermine issues previously resolved. As this Court observed in *Souffront v. Compagnie des Sucreries,* 217 U.S. 475, 486-487 ... (1910), the persons from whose benefit and at whose direction a cause of action is litigated cannot be said to be 'strangers to the cause .... [O]ne who prosecutes or defends a suit in the name of another to establish and protect his own right, or who assists in the prosecution or defense of an action in aid of some interest of his own is as much bound ... as he would be if he had been a party of record.' ... Preclusion of such nonparties falls under the rubric of collateral estoppel rather than res judicata because the latter doctrine presupposes identity between causes of action. And the cause of action which a nonparty has vicariously asserted differs by definition from that which he subsequently seeks to litigate in his own right.

14 Enterprise, as Empire's agent for purposes of the insurance at
15 issue, is arguably in privity with Empire. Furthermore, Empire
16 is aware of the Rosenbaums' cross-complaint against Enterprise
17 and has a direct financial interest in obtaining a decision in
18 favor of Enterprise on the issues of reformation of the rental
19 contract and declaratory relief that Michael Rosenbaum and Lanier
20 Oakley were authorized drivers. As noted, Empire may move to
21 intervene in the Rosenbaums' cross-complaint.

22    **4.    <u>Settle All Issues or Clarify Legal Relations at Issue</u>**.

23    The issue raised in Empire's Complaint has already been
24 raised and is being addressed in the state court actions.
25 Notions of comity weigh in favor of staying this action. *See*
26 *discussion supra*. In addition, Enterprise is not a party to

11

Empire's declaratory relief action and Empire may intervene in the Rosenbaums' cross-complaint against Enterprise.

**5. <u>Procedural Fencing</u>**.

The record establishes that Empire filed this declaratory relief action in federal court in an attempt to avoid the stay that would otherwise have been imposed had the action been filed in state court. In *Montrose Chemical Corporation v. Superior Court*, 6 Cal.4th 287, 301-302 (1993), the California Supreme Court explained:

> To eliminate the risk of inconsistent factual determinations that could prejudice the insured, a stay of the declaratory relief action pending resolution of the third party suit is appropriate when the coverage question turns on the facts to be litigated in the underlying action ... For example, when the third party seeks damages on account of the insured's negligence, and the insurer seeks to avoid providing a defense by arguing that its insured harmed the third party by intentional conduct, the potential that the insurer's proof will prejudice its insured in the underlying litigation is obvious. This is the classic situation in which the declaratory relief action should be stayed. By contrast, when the coverage question is logically unrelated to the issues of consequence in the underlying case, the declaratory relief action may properly proceed to judgment.

Furthermore, as explained in *Haskel, Inc. v. Superior Court*, 33 Cal.App.4th 963, 979 (1995):

> There are three concerns which the courts have about the trial of coverage issues which necessarily turn upon the facts to be litigated in the underlying action. *First*, the insurer, who is supposed to be on the side of the insured and with whom there is a special relationship, effectively attacks its

12

>             insured and thus gives aid and comfort to the
>             claimant in the underlying suit; *second*, such
>             a circumstance requires the insured to fight
>             a two-front war, litigating not only with the
>             underlying claimant, but also expending
>             precious resources fighting an insurer over
>             coverage questions - this effectively
>             undercuts one of the primary reasons for
>             purchasing liability insurance; and *third*,
>             there is a real risk that, if the declaratory
>             relief action proceeds to judgment before the
>             underlying action is resolved, the insured
>             could be collaterally estopped to contest
>             issues in the latter by the results of the
>             former.  It is *only* where there is no
>             potential conflict between the trial of the
>             coverage dispute and the underlying action
>             that an insurer can obtain an early trial
>             date and resolution of its claim that
>             coverage does not exist. ....

Empire is attempting to engage its potential insured in the two-front war condemned by the California courts.

**6. Entanglement Between State and Federal Court Systems**.

For the reasons already discussed, allowing Empire's declaratory relief action to proceed will result in the adjudication in both federal court and state court of the issue whether Michael Rosenbaum and Lanier Oakley were authorized drivers under the Enterprise rental contract.  Because this issue was first raised in the state court actions, entanglement between the federal and state court systems will result because of the potential for inconsistent rulings on various issues, including application of the parol evidence rule, reformation of the SLP Policy, and coverage.

**7. Convenience of Witnesses and Availability of Other Remedies**.

13

The convenience of witnesses favors a stay. Empire's action is the only action filed in federal court, all of the other actions having been filed in the Stanislaus County Superior Court in Modesto, where the majority of the parties and witnesses reside. Requiring the parties and witnesses to engage in overlapping discovery also will be inconvenient.

With regard to the availability of other remedies, the Rosenbaums' motion seeks a stay, not dismissal, of Empire's action. *Wilton v. Seven Falls Company,* 515 U.S. 277, 288 n.2 (1995) states that "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy".

ACCORDINGLY, as set forth above:

1. Defendants' Motion for Stay of Action is GRANTED;
2. Defendants' Motion to Strike Sur-Reply is GRANTED.

IT IS SO ORDERED.

**Dated:   March 28, 2007**               **/s/ Oliver W. Wanger**
668554                                    UNITED STATES DISTRICT JUDGE